UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MIRANDA LOPEZ,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>M. CATE, DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; BEN CURRY, CTF (WARDEN), ET AL.,<br><br>　　　　　Respondents. | Case No. CV 09-8433-CJC(RC)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On November 17, 2009, petitioner Ronald Miranda Lopez, a person in state custody proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his prison classification.[1]

**DISCUSSION**

Historically, a federal habeas corpus petition may be brought only "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier

---

[1] The petitioner alleges he was reclassified from "Level II" to "Level III" on or about February 21, 2008. Petition at (1)-(2).

1  release from that imprisonment[.]" Preiser v. Rodriquez, 411 U.S.
2  475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); see also Heck
3  v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369, 129 L. Ed. 2d
4  383 (1984) ("[H]abeas corpus is the exclusive remedy for a state
5  prisoner who challenges the fact or duration of his confinement and
6  seeks immediate or speedier release. . . ."). In other words, habeas
7  corpus "lies to enforce the right of personal liberty; when that right
8  is denied and a person confined, the federal court has the power to
9  release him. Indeed, it has no other power[.]" Faye v. Noia, 372
10 U.S. 391, 430-31, 83 S. Ct. 822, 844, 9 L. Ed. 2d 837 (1963),
11 overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111
12 S. Ct. 2546, 115 L. Ed. 2d 690 (1991).

14    Here, the instant petition does not challenge the fact of
15 imprisonment or the duration of petitioner's confinement.[2] Rather, it
16 challenges petitioner's prison classification, see Moody v. Daggett,
17 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279, n.9, 50 L. Ed. 2d 236 (1976)
18 (An inmate has no constitutional right to a particular security
19 classification in prison.), a condition of confinement. Although
20 "habeas jurisdiction is proper where a challenge to prison conditions
21 would, if successful, necessarily accelerate the prisoner's
22 release[,]" Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003),
23 cert. denied, 541 U.S. 1063 (2004), even if petitioner could
24 successfully lower his prison classification score, it would not

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of a previous federal habeas corpus action by petitioner challenging his conviction and sentence: Lopez v. Prunty, case no. CV 94-6104-RG(RMC).

2

necessarily accelerate his release from prison; thus, petitioner's challenge to his classification is not properly brought in a habeas corpus proceeding. Preiser, 411 U.S. at 499, 93 S. Ct. at 1841; Ramirez, 334 F.3d at 859; Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

Rule 4 of the Rules provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." Summary dismissal under Rule 4 is proper "when no [cognizable] claim for relief is stated [in the petition]." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991). Thus, the pending habeas corpus petition should be summarily dismissed for lack of subject matter jurisdiction.

**ORDER**

Judgment shall be entered SUMMARILY DISMISSING the petition for writ of habeas corpus for lack of subject matter jurisdiction.

DATE: November 25, 2009

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: November 23, 2009

/S/ ROSALYN M. CHAPMAN
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-8433.mdo - 11/23/09

3